UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY BARTHOMOME, individually and as Natural Mother and Next Friend of C.B., a Minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO.: 4:15CV788 HEA ) |
| PFIZER, INC., | ) ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 5]. Plaintiffs oppose the motion. For the reasons set forth below, the Court will grant Defendant's Motion

## **Background**

Plaintiffs filed this action in the Circuit Court for the City of St. Louis, Missouri, alleging that Minor Plaintiff suffered birth defects as a result of his mother's ingestion of the prescription drug Zoloft during pregnancy. Pfizer removed the action to this Court and filed a motion to dismiss for lack of personal jurisdiction.

## **Legal Standard**

"If jurisdiction has been controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. See *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The plaintiff's prima facie showing must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions and opposition thereto. *Id*." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 108, 1090 (8th Cir. 2008) (internal quotations omitted).

## Discussion

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 779 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not 'random,' 'fortuitous,' or 'attenuated.' *Id*. at 774. Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).

## Specific Jurisdiction

As discussed, the exercise of specific jurisdiction is appropriate if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Here, Plaintiffs' claims have no specific connection to activities in Missouri. Minor Plaintiff was born in Clermont, Florida, and Mother Plaintiff does not allege she ingested Zoloft in Missouri during pregnancy. Plaintiffs allege no connection with Missouri. Defendant's only contacts with Missouri are that they marketed and sold Zoloft in Missouri. These contacts do not relate to the causes of action in this suit, which arise out Mother Plaintiff's ingestion of Zoloft in Florida and Minor Plaintiff's subsequent birth. The Court finds that the controversy at issue is not related to or arising out of any of Pfizer's contacts with Missouri, and the Court lacks specific jurisdiction over Pfizer in this case.

## General Jurisdiction

General jurisdiction or "all purpose jurisdiction" is the authority to hear any and all claims against a defendant. See *Goodyear Dunlop Tire Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). A forum's exercise of general jurisdiction over a

corporation is limited to its formal place of incorporation and principal place of business except in an "exceptional case." See *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 and n.19 (2014). Pfizer's formal place of incorporation is Delaware; its principal place of business is New York; and this is not an exceptional case.

Plaintiffs have not alleged any facts to suggest Pfizer's activities in Missouri are anything other than that of a business conducting activities in multiple states. For example, Plaintiffs have not pled that Pfizer maintains its corporate headquarters in Missouri, is managed from Missouri, or has revenue from sales in Missouri that exceed that of other states. The mere marketing of Zoloft in Missouri does not make Pfizer's connection with the state continuous and systematic as to render it at home here. See *Goodyear Dunlop*, 131 S. Ct. at 2851. Merely establishing that a corporation regularly conducts business in a forum is not sufficient to confer general jurisdiction. See *Daimler,* 134 S. Ct. 746, 761 (rejecting the concept that a business organization is at home in a forum state merely because it does significant business there).

Plaintiffs have not alleged any facts supporting a finding of personal jurisdiction in this case. The Court will dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

---

[1] This Court has found no personal jurisdiction several times already when faced with similar claims against this same defendant, see Barron v. Pfizer, Inc., No 4:15-CV-584 CAS (E.D. Mo. filed Oct. 6, 2015); Clarke v. Pfizer, Inc. , No. 4:15-

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 5], is **GRANTED**.

Dated this 29th day of January, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

CV-1072AGF (E.D. Mo. filed Sept. 8, 2015); Keeley v. Pfizer, Inc., No. 4:15-CV-583 ERW (E.D. Mo. filed July 1, 2015); Fidler v. Pfizer Inc., No. 4:15-CV-582 RWS (E.D. Mo. filed June 25, 2015).